# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOE FLOYD FULLER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STATE OF KANSAS, et al., ) <br> ) <br> Defendant. ) <br> ) | CIVIL ACTION <br><br> No. 04-2457-CM |

## MEMORANDUM AND ORDER

On September 1, 2004, plaintiff, who appears pro se, filed suit in the District Court of Johnson County, Kansas, case number 04-CV-06722, against the State of Kansas, the Johnson County Board of County Commissioners, and Lynn Myers, Sheriff of Johnson County, Kansas, alleging violations under 42 U.S.C. § 1983. Pending before the court is the Johnson County Board of County Commissioners, and Lynn Myers, Sheriff of Johnson County, Kansas's ("County Defendants") Motion to Dismiss (Doc. 5).

**I.    Background**[1]

On February 19, 2003, felony forgery charges were filed against plaintiff in Johnson County, Kansas, in case number 03-CR-474. Plaintiff failed to appear for a preliminary hearing in that case on January 9, 2004, and the Hon. James F. Davis issued a bench warrant. A Johnson County deputy subsequently arrested plaintiff at the Jackson County, Missouri Detention Center based upon this warrant. Plaintiff was returned to Kansas and was incarcerated at the Johnson County Adult Detention Center in

---

[1] The court has been unable to verify this background information, which was set forth by County Defendants in their motion to dismiss. Plaintiff neither confirmed nor denied this information in his response thereto.

Olathe, Kansas, on March 27, 2004. On August 20, 2004, Judge Davis dismissed the original forgery case, number 03-CR-474. However, plaintiff remained in the custody of defendant Sheriff Lynn Myers on pending charges of forgery and felony theft in another case, case number 03-CR-1324.

Plaintiff filed this action in state court September 1, 2004 asserting claims of false arrest and false imprisonment under 42 U.S.C. § 1983. Plaintiff asserts that his Fourth Amendment rights were violated when he was falsely arrested and falsely imprisoned in his first criminal case, case number 03-CR-474.

The court is mindful that plaintiff in this action appears pro se. A pro se litigant's pleadings are to be construed liberally and are held to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Tenth Circuit has stated that "this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* The court may not, however, assume the role of advocate for the pro se litigant. *See Van Deelen v. City of Eudora, Kan.*, 53 F. Supp. 2d 1223, 1227 (D. Kan. 1999). Moreover, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).

**II.     Analysis**

## A.     PLRA Exhaustion of Remedies

County Defendants first argue that the Prison Litigation Reform Act ("PLRA") requires plaintiff, who was in custody at the time he filed his complaint, to sufficiently plead his exhaustion of administrative remedies as required by the PRLA, 42 U.S.C. § 1997e(a).  Plaintiff argues that the PLRA only applies to certain detention centers, and does not apply to the detention center in which he was housed at the time he filed his complaint.  Plaintiff also argues that no administrative remedies were in place for suits alleging false arrest and false imprisonment.  County Defendants assert that plaintiff's detention center advised him of a comprehensive grievance procedure provided to all inmates.

Section 1997e of the PLRA states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Under the PLRA, the definition of a "prisoner" includes "any person incarcerated or detained in any facility who is accused of . . . violations of criminal law."  42 U.S.C. § 1997e(h).  Applying the PLRA, the Tenth Circuit has held that "§ 1997(e)(a) makes exhaustion 'mandatory' for all 'inmate suits about prison life.'"  *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1207 (10th Cir. 2003) (quoting *Porter v. Nussle*, 534 U.S. 516, 524 (2002)).

The court finds that while plaintiff falls within the definition of a "prisoner" as defined by the PLRA, plaintiff's claims of false arrest and false imprisonment do not pertain to his "prison conditions," 42 U.S.C. § 1997e(a) or "prison life."  *Steele*, 355 F.3d at 1207.  Arguably, plaintiff was in prison because of his alleged false arrest and false imprisonment.  The court finds that to interpret the PLRA to extend this far,

however, strays from the plain meaning of the statute. Moreover, County Defendants did not cite, nor could the court locate, any caselaw in support of this proposition.

**B.     Failure to State a Claim**

County Defendants next argue that plaintiff has failed to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). County Defendants list plaintiff's substantive allegations as follows: "Plaintiff . . . was illegally detained"; plaintiff was "subjected to Men[t]al and Physical Cruelty by defendant's [sic]"; plaintiff was subject to "illegal confinement"; defendants inflicted "mental and physical cruelty" upon plaintiff; "the offending conduct was by the defendants as sheriff and deputy sheriff's [sic] respectively of Johnson County"; "Plaintiff's injuries derive from his false arrest and false imprisonment"; and "Defendant did violate this Plaintiff's rights by falsely arresting, and falsely imprisoning Mr. Joe Floyd Fuller in case number #03CR-0474." After a careful review of plaintiff's complaint, the court verifies that these statements are an accurate summary of plaintiff's substantive allegations.

The court will dismiss a cause of action for failure to state a claim only when it appears beyond a doubt that plaintiff can prove no set of facts in support of the theory of recovery that would entitle him to relief, *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998), or when an issue of law is dispositive, *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, *Maher*, 144 F.3d at 1304, and all reasonable inferences from those facts are viewed in favor of plaintiff, *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). The issue in resolving a motion such as this is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support the claims.

*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

The court finds that plaintiff can prove no set of facts in support of his theory of recovery against County Defendants. Quite simply, plaintiff's complaint offers little or no alleged facts, and plaintiff's response to County Defendants' motion does not add any factual allegations. Moreover, plaintiff does not set forth any facts explaining how he was allegedly falsely arrested or falsely imprisoned, or how County Defendants are involved with or liable for plaintiff's allegations. Instead, plaintiff's complaint and subsequent motions consist of conclusory allegations which the court cannot consider in deciding this motion. *Maher*, 144 F.3d at 1304. Resolving all reasonable inferences in favor of plaintiff, and recognizing that plaintiff appears pro se, the court finds that plaintiff has failed to set forth a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

**IT IS THEREFORE ORDERED** that County Defendants' Motion to Dismiss (Doc. 5) is granted. Plaintiff's claims against County Defendants are hereby dismissed.

**IT IS FURTHER ORDERED** that County Defendants' Motion for Extension of Time to File Reply in Favor of Motion to Dismiss (Doc. 31) is granted.

**IT IS FURTHER ORDERED** that County Defendants' Motion for Leave to File Response (Doc. 49) is denied as moot.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to File Response to Defendant's Response (Doc. 51) is denied as moot.

Dated this 8th day of August, 2005, at Kansas City, Kansas.

-6-

                                            **s/ Carlos Murguia**
                                            **CARLOS MURGUIA**
                                            **United States District Judge**