## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JOE FLOYD FULLER,           )

                **Plaintiff,**     )

                         )          **CIVIL ACTION**

**v.**                     )

                         )          **No.  04-2457-CM**

STATE OF KANSAS, et al.,     )

               **Defendants.**    )

### MEMORANDUM AND ORDER

On September 1, 2004, plaintiff, who appears pro se, filed suit in the District Court of Johnson County, Kansas, case number 04-CV-06722, against the State of Kansas, the Johnson County Board of County Commissioners, and Lynn Myers, Sheriff of Johnson County, Kansas, alleging violations under 42 U.S.C. § 1983.  Pending before the court is defendant State of Kansas's Motion to Dismiss (Doc. 37).

## I.    Legal Standards

The court will dismiss a cause of action for failure to state a claim only when it appears beyond a doubt that plaintiff can prove no set of facts in support of the theory of recovery that would entitle him to relief, *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998), or when an issue of law is dispositive, *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, *Maher*, 144 F.3d at 1304, and all reasonable inferences from those facts are viewed in favor of plaintiff, *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).  The issue in resolving a motion such as this is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support the claims.

*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

The court is mindful that plaintiff in this action appears pro se.   A pro se litigant's pleadings are to be construed liberally and are held to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Tenth Circuit has stated that "this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.*  The court may not, however, assume the role of advocate for the pro se litigant.  *See Van Deelen v. City of Eudora, Kan.*, 53 F. Supp. 2d 1223, 1227 (D. Kan. 1999).  Moreover, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).

## II.     Analysis

In support of its motion to dismiss, defendant State of Kansas argues that, pursuant to Fed. R. Civ. P. 12(b)(1), this court does not have jurisdiction over plaintiff's claims against the State because it is immune from suit under the Eleventh Amendment.  In addition, the State argues that Congress has not abrogated the State's immunity in this matter, nor has the State consented to this or any suit in federal court. Plaintiff did not specifically respond to the State's motion to dismiss.[1]

---

[1] The docket sheet for this case incorrectly lists Doc. 38 as plaintiff's response to defendant State of Kansas's motion to dismiss.  However, plaintiff did not specifically respond to defendant State of

"The Eleventh Amendment grants states sovereign immunity from suits brought in federal court by its own citizens and citizens of other states, suits by other sovereigns, and suits by an Indian tribe." *Prairie Band Potawatomi Nation v. Wagnon*, 402 F.3d 1015, 1026 (10th Cir. 2005) (citing *Blatchford v. Native Vill. of Noatak and Circle Vill.*, 501 U.S. 775, 779-80 (1991)).  While the Supreme Court has carved out an exception to state sovereign immunity for suits against state officers for prospective injunctive relief, *id.* at 1026-27 (citing *Ex parte Young*, 209 U.S. 123 (1908)), plaintiff's complaint does not qualify for this exception because plaintiff sued the State of Kansas—not any of its officials—for actual, compensatory and punitive damages.  Accordingly, the court finds that defendant State of Kansas is protected by sovereign immunity.

**IT IS THEREFORE ORDERED** that defendant State of Kansas's Motion to Dismiss (Doc. 37) is granted.  Defendant State of Kansas is hereby dismissed from the case.

Dated this 16th day of August 2005, at Kansas City, Kansas.

**/s Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**

---

Kansas's motion in any document on the record.